UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**BARBARA FLITTER**                                      **CIVIL ACTION**

**VERSUS**                                                       **NUMBER 09-236-FJP-DLD**

**WALMART STORES, INC. AND DAVID SPENCE**

## MAGISTRATE JUDGE'S REPORT

This matter is before the court on plaintiff's motion to remand (rec. doc. 4). The motion is opposed (rec. doc. 6). Defendants removed this matter based on diversity jurisdiction, 28 U.S.C. §1332.

### Background

On or about August 24, 2008, plaintiff was shopping at the Wal-Mart store located in Walker, Louisiana, which is owned and operated by defendant Wal-Mart Stores, Inc. While shopping, plaintiff slipped and fell in water that was leaking from the ceiling onto the floor aisle in the house ware department (rec. doc. 1-3). Plaintiff alleges that the store manager, defendant David Spence, "was aware of the fact that the roof of the building was defective and leaked during rain showers, and was aware of the fact that the condition of the floors in the building due to the leaks in the roof was such that unsuspecting patrons were subjected to significant danger in merely walking in the store, especially since patrons' attention was diverted to shelving displays." Id. Plaintiff alleges that both Wal-Mart and Spence are guilty of acts of negligence in the management, maintenance, and supervision of the premises, including their failure to use reasonable and ordinary methods to keep the premises in a reasonably safe and suitable condition; failure to use reasonable care in discovering unsafe conditions; failure to take adequate protective measures against an

unreasonably dangerous condition; failure to warn plaintiff of unreasonably dangerous conditions of which defendant knew or should have known. Id.

As a result of the slip and fall, plaintiff filed suit in the 21st Judicial District Court, Parish of Livingston, State of Louisiana, alleging that she suffered "significant injuries to her person." Id. Plaintiff seeks damages in the form of past, present, and future mental and physical pain and suffering, medical expenses, lost wages, and loss of enjoyment of life. Id. Defendants removed this matter based on diversity jurisdiction arguing that defendant Spence was improperly joined to destroy diversity and that plaintiff's injuries satisfied the amount in controversy. Plaintiff filed a motion to remand, which is before the court for a report and recommendation.

### **Arguments of the Parties**

Plaintiff argues that defendants have not met their burden of establishing diversity jurisdiction because they cannot prove that defendant Spence was improperly joined to destroy diversity or that plaintiff's damages satisfy the amount in controversy. Plaintiff contends that as the store manager at the time of the accident, defendant Spence was aware of the leak at the store and failed to take adequate steps to prevent plaintiff's accident; therefore, defendant Spence may be held personally liable for plaintiff's injuries. Plaintiff also argues that defendants have failed to prove that the amount in controversy is satisfied.

Defendants respond by arguing that non-diverse defendant Spence did not owe a personal duty to plaintiff and cannot be held liable for his general administrative duties as store manager. Thus, defendants contend that defendant Spence was improperly joined and his citizenship should be disregarded when considering diversity of citizenship.

Defendants argue that plaintiff's injuries, as plead in her petition, satisfy the amount in controversy.  Furthermore, defendants suggest that the court should deem the amount in controversy satisfied because plaintiff failed to stipulate that the amount in controversy does not exceed $75,000.

### **Law and Discussion**

The removal statute, 28 U.S.C. §1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278 (5th Cir. 2007); *Shamrock Oil & Gas Corp. V. Sheets*, 313 U.S. 100, 108-109, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941).   Remand is proper if at any time the court lacks subject matter jurisdiction. See 28 U.S.C. §1447(c). The party seeking removal has the burden of proving either diversity or federal question jurisdiction. *Garcia v. Koch Oil Co. of Texas, Inc.,* 357 F.3d 636 (5th Cir. 2003), *citing Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998), and *Gutierrez v. Flores,* 543 F.3d 248 (5th Cir. 2008).  The party seeking to establish diversity jurisdiction must prove the existence of diversity of citizenship and amount in controversy.

### Diversity of Citizenship

The parties to this case are not diverse[1]; however, defendants argue that defendant Spence was improperly joined, and his citizenship should be disregarded for purposes of determining diversity of citizenship. The removing defendant bears the burden of demonstrating improper joinder.  E.g., *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir. 1990).  Improper joinder of a non-diverse party can be proven by showing "(1)

---

[1] Plaintiff is a citizen of Louisiana, Wal-Mart Stores, Inc. is a Delaware corporation with its principal place of business in Arkansas; David Spence is a citizen of Louisiana (rec. doc. 1).

actual fraud in the pleading of jurisdictional facts, or (2) the inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Guillory v. PPG Industries, Inc.*, 434 F.3d 303, 308 (5th Cir. 2005), *citing Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir.2004) (en banc). When determining improper joinder, the court may look to the facts established by summary judgment evidence as well as controlling state law. *Carriere v. Sears, Roebuck and Co.*, 893 F.2d 98, 100 (5th Cir. 1990). Fraud in the pleadings is not an issue in this case. Rather, defendants seek to prove improper joinder by proving that plaintiff has no possibility of recovery against defendant Spence because he did not owe a personal duty to plaintiff.

The Fifth Circuit, in *Ford v. Elsbury*, 32 F.3d 931 (5th Cir. 1994), embraced the guidelines as set forth by the Louisiana Supreme Court in *Canter v. Koehring Co.*, 283 So.2d 716 (La.1973), in determining whether personal liability may be imposed on an employee:

1. The employer must owe a duty of care to the third person, the breach of which has caused the damage for which recovery is sought;
2. This duty is delegated by the employer to the employee;
3. The employee has breached this duty through personal fault (as contrasted with technical or vicarious fault); and
4. With regard to personal fault, personal liability cannot be imposed upon an employee simply because of this general administrative responsibility for performance of some function of employment. He must have a personal duty towards the injured plaintiff, breach of which specifically has caused the plaintiff's damages. If the defendant's general responsibility has been delegated with due care to some responsible subordinate, he is not personally at fault and liable for the performance of this responsibility, unless he personally knows or personally should know of its non- performance or mal- performance and has nevertheless failed to cure the risk of harm.

The burden is on the defendants to show that there is no reasonable possibility of recovery against defendant Spence. Plaintiff alleges in her petition that defendant Spence

"was aware of the fact that the roof of the building was defective and leaked during rain showers, and was aware of the fact that the condition of the floors in the building due to the leaks in the roof was such that unsuspecting patrons were subjected to a significant danger in merely walking in the store" (rec. doc. 1-3). Spence's alleged knowledge of the defective condition that caused plaintiff's accident gives rise to a heightened duty to the store patrons. Thus, a finding that Spence failed to remedy a known defective condition may give rise to personal fault, in addition to potential liability based on his general administrative duties as store manager.

The cases relied on by defendants in support of improper joinder are factually dissimilar from the instant case. For example, in both *Dusang v. Lowes Home Centers, Inc.*, 2008 WL 3884395 (W.D. La. 2008) and *Smith v. Ross Dress for Less, Inc.*, 2006 WL 3702194 (W.D. La. 2006), the defendant store managers submitted affidavits that established that they did not owe a personal duty to plaintiff which could have been breached.[2] Specifically, the defendant in *Dusang* offered an affidavit which indicated that an independent contractor was responsible for the maintenance of the rest rooms and, as store manager, he neither created nor was aware of the hazard at issue. *Id.*, at *2.

Defendants did not submit any evidence to suggest that defendant Spence was unaware of the defective condition or that he delegated his job responsibilities as store manager. Considering the allegations in the petition, defendants have not met their burden of proving that plaintiff has no possibility of recovery against defendant Spence.

---

[2] The court in *Brady v. Wal-Mart Stores, Inc.*, 907 F.Supp. 958 (M. D. La. 1995), held that the defendant store manager was improperly joined because plaintiffs did not allege nor did the evidence reveal that the defendant store manager was the employee who stacked the boxes or personally caused the accident. Id., at 960.

Amount in Controversy

The removing defendant must establish by a preponderance of the evidence that the amount in controversy exceeded the statutory seventy-five thousand ($75,000) dollar jurisdictional amount at the time of removal. *Simon v. Wal-Mart Stores, Inc.*, 193 F. 3d 848, 850 (5th Cir. 1999).  A showing only that the damages "could well exceed" the jurisdictional amount or that there is " some possibility"  that the plaintiff "could recover more" than the jurisdictional amount is insufficient to carry the removing defendant's burden. *Allen v. R and H Oil & Gas Co.*, 63 F. 3d 1326,1336; *De Aguilar v. Boeing Co.*, 47 F. 3d 1404, 1411-12 (5th Cir. 1995)(*De Aguilar II*).   The defendant may satisfy his burden either: (1) by demonstrating that it was "facially apparent" from the allegations of the state court petition that the amount in controversy exceeded the $75, 000 jurisdictional threshold; or (2) by setting forth facts in  controversy, either in the notice of removal or sometimes by affidavit, that support a finding  that the requisite amount was in controversy. *De Aguilar II*, 47 F. 3d at 1412.  A mere conclusory allegation in the notice of removal that the amount in controversy exceeds the jurisdictional minimum is insufficient to sustain jurisdiction. See, e.g., *Asociacion Nacional de Pescadores a Pequena Escala O Artesenales de Colombia, S. A. (" ANPAC") v. Dow Quimica de Colombia*, 988 F. 2d 559, 565-66 (5th Cir. 1993).

Plaintiff alleges that she sustained "significant injuries to her person" (rec. doc. 1-3). The petition, however, does not contain any other information about plaintiff's injuries.  For example, it does not indicate which part of plaintiff's body was injured, what types of injuries were sustained, or whether hospitalization or surgery was required.  Although plaintiff seeks damages for physical and mental pain and suffering and medical expenses, there is no information in the petition that would allow the defendants or the court to assign a value to

the damages sought. Moreover, defendants have not directed the court to case law that might indicate a value for plaintiff's damages and have not offered evidence to clarify plaintiff's specific injuries.

Rather, defendants argue that it is logical to conclude that plaintiff's damages would be greater than $75,000 because plaintiff has not stipulated that her damages are less than the $75,000 amount in controversy. Plaintiff's failure to stipulate is only one factor to consider in determining whether the defendants have met their burden, and does not on its own establish that the court has jurisdiction. See *Benvenutti v. Holbert*, 2008 WL 4531364 (E.D. La. 2008), *Fontenot v. Granite State Insurance Company*, 2008 WL 4822283 (W.D. La. 2008)(noting that plaintiff's failure to stipulate that his or her damages do not exceed $75,000 does not defeat a motion to remand in cases where it is not facially apparent that the claims establish the requisite jurisdictional amount). The cases cited by the defendants are inapplicable. The courts in the cited cases relied on plaintiff's failure to stipulate in addition to other evidence to establish that the amount in controversy was satisfied. For example, the court in *Reid v. Delta Gas,* Inc*.,* 837 F.Supp. 751 (M.D. La. 1993), considered the plaintiff's refusal to stipulate in addition to other evidence, including plaintiff's deposition testimony that established that the assault left him "near death," that he spent at lest nine days in the hospital, and that he suffers from a 70-90% hearing loss in his left ear, and evidence that plaintiff suffered a closed head injury with a basilar skull fracture. Id., at 752-753. See also *Johnson v. Dillard Dept. Stores, Inc.*, 836 F.Supp. 390, 395 (N.D. Tex. 1993)(the court relied on allegations in plaintiff's petition and plaintiff's discovery responses in holding that plaintiff's damages could exceed $50,000).

The court considers plaintiff's failure to stipulate that the amount of her damages are less than $75,000 as one factor. In light of the fact that it is not facially apparent from plaintiff's petition that her damages exceed $75,000 and defendants have failed to introduce evidence to prove that it is more probably than not that plaintiff's damages exceed $75,000; however, the defendants have not met their burden of proving by a preponderance of the evidence that more than $75,000 dollars was in controversy at the time of removal.

### Conclusion

Defendants have failed to establish that diversity of citizenship and the amount in controversy are satisfied; therefore, this court does not have diversity jurisdiction over this matter. Accordingly,

**IT IS RECOMMENDED** that plaintiff's motion to remand (rec. doc. 4) be **GRANTED**, and this matter remanded to the 21st Judicial District Court, Parish of Livingston, State of Louisiana.

Signed in Baton Rouge, Louisiana, on June 19, 2009.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**BARBARA FLITTER**                                  **CIVIL ACTION**

**VERSUS**                                                   **NUMBER 09-236-FJP-DLD**

**WALMART STORES, INC. AND DAVID SPENCE**

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have ten days from date of receipt of this notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on June 19, 2009.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**